CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAY 0 1 2007
JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DOUGLAS E. FOREMAN,<br>Petitioner, | Civil Action No. 7:07-cv-00187 |
| v. | **MEMORANDUM OPINION** |
| TERRY O'BRIEN, WARDEN,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Douglas E. Foreman, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging the validity of his confinement under a December 2001 judgment entered against him by United States District Court for the Eastern District of Virginia. After review of the record, the court concludes that the petition must be dismissed.

Foreman pled not guilty to charges of possession of a firearm and ammunition as a convicted felon and to drug charges related to distribution of cocaine and marijuana. In August 2001, he stood trial before a jury and was convicted on all counts of the indictment. The court sentenced him in December 2001 to a total of 123 months in prison. The United States Court of Appeals for the Fourth Circuit upheld his conviction on appeal, and the United States Supreme Court denied his petition for a writ of certiorari. He then filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, in the United States District Court for the Eastern District of Virginia, which denied relief. The Fourth Circuit dismissed his appeal.

In his current petition, Foreman raises several claims of ineffective assistance of counsel. He seems particularly concerned that counsel did not appropriately challenge the validity of a search warrant involved in his case. Foreman asserts that this court may address claims under § 2241 concerning the validity of his conviction because during the § 2255 proceedings, the Eastern District court "abused its discretion" by failing to review his constitutional claims; he contends that this alleged error by the habeas court proves that § 2255 is inadequate to test the validity of his confinement. He also asserts that this court should entertain his § 2241 petition because there is no

1

other legal remedy whereby he can raise a claim of innocence. For the following reasons, the court cannot find that he is entitled to seek relief from confinement, pursuant to § 2241.

A district court may not entertain a § 2241 petition challenging the validity of a federal criminal conviction and or sentence unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention."[1] Swain v. Pressley, 430 U.S. 372, 381 (1977). The fact that petitioner was or is unable to obtain relief under § 2255 or faces some procedural impediment to relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has held that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate shows that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

The current petition does not indicate any respect in which Foreman's claims meet the standard under Jones so as to qualify for consideration under § 2241. Contrary to petitioner's assertions, § 2255 is not an inadequate statutory remedy merely because the sentencing court allegedly erred in addressing his previous § 2255 motion. Furthermore, Foreman does not point to any recent change of substantive law, and the court is unaware of any such precedent, legalizing the conduct for which petitioner stands convicted. It is still illegal to traffic in controlled substances, such as cocaine and marijuana, and it is still illegal to possess firearms and ammunition if you are a convicted felon without your civil rights restored. Thus, petitioner does not demonstrate under Jones that § 2255 is inadequate to test the legality of his detention.

Foreman also fails to make any colorable claim that he is actually innocent. In his petition,

---

[1] Foreman does not allege that his criminal sentence is being improperly executed in any way. Rather, he challenges the validity of the conviction itself.

2

he does not offer any new evidence not presented at trial on which no reasonable juror would have found him guilty on all charges. See Bousley v. United States, 523 U.S. 614, 623 (1998), citing Schlup v. Delo, 513 U.S. 298, 327 (1995). See also Sawyer v. Whitley, 505 U.S. 333, 339, (1992) (finding that "actual innocence" means factual innocence, not mere legal insufficiency). Thus, even if a claim of actual innocence may prove, under some circumstances, that § 2255 is an inadequate remedy, Foreman fails to meet the requisite standard. His allegations that the search of his residence was illegal are not sufficient to demonstrate that he was actually innocent of the conduct for which he stands convicted.

As Foreman fails to show that he is entitled to challenge the validity of his criminal conviction under § 2241, the court will dismiss his petition accordingly. An appropriate order shall be issued this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 1st day of ~~April~~ may, 2007.

/s/ James C. Turk
Senior United States District Judge

3